CHETWOOD (FRANK v.). See Case No. 5,-051.

CHEVALLIE (GALLEGO v.). See Case No. 5,200.

CHEVES, The LANGDON. See Cases Nos. 8,063 and 8,064.

## Case No. 2,663.

### CHEW v. BAKER.

### [4 Cranch, C. C. 696.][1]

Circuit Court, District of Columbia. March Term, 1836.

PLEADING—LIMITATION OF ACTIONS—ACCRUAL OF CAUSE OF ACTION.

1. If there be two counts in a declaration, and the statute of limitations be pleaded to both, it is not necessary that it should be supported as to both; but it may be supported as to both or either.

2. An account in bar, which consists of debits only, against the plaintiff, does not take the plaintiff's cause of action out of the statute of limitations, although the last item of debit be within the three years.

3. If a sub-contractor agreed with the original contractor to do a certain part of the work, and to receive his pay at the time the contractor receives his pay, and in like proportions, and the contractor is to receive four-fifths of every monthly estimate at the end of each month, and the remaining one-fifth when the work shall be completed and the final estimate made, the sub-contractor's cause of action against the contractor does not accrue until the plaintiff has notice that the money has been received by the defendant, or has demanded it of the defendant.

4. The moneys thus received monthly by the contractor are to be considered as received by him on account; and, if the final settlement of the account is made within the three years, the statute of limitations is no bar to the subcontractor's action against the contractor, although the moneys so received by him on account should have been received by him more than three years before action brought.

At law. Assumpsit [by Samuel Chew against the administrators of J. W. Baker]. First count for work and labor. Second count for money had and received. Pleas, non assumpsit, and the statute of limita-

[1] [Reported by Hon. William Cranch, Chief Judge.]

tions. The defendant also filed an account in bar, consisting of sundry items of payments made to the plaintiff by the defendant. This suit was commenced on the 13th of November, 1834.

R. S. Coxe, for the plaintiff, contended that, as the statute of limitations was pleaded generally, it must be good as to both counts, or it was not good as to either. Webb v. Martin, 1 Lev. 48.

But THE COURT (nem. con.) was of opinion that it is not necessary that the plea of limitations should be supported as to both counts, but that it might be supported as to both or either.

Mr. Marbury, for the plaintiff, then contended that, as the last item of the count in bar was a payment made by the defendant to the plaintiff within the three years, it is an acknowledgment of a subsisting debt, and a promise to pay the balance. Catling v. Skoulding, 6 Term R. 189; 2 Saund. 127, note; Whetmore v. Smith, 6 Wheeler, Abr. Am. Com. Law, 472.

THE COURT (nem. con.) said that the account in bar, as it is called, (being only a statement of debits against the plaintiff,) did not take the case out of the statute, although the last item was within the three years.

Mr. Key, for the defendant, then contended that the plaintiff's cause of action accrued monthly, as the payments were to be made monthly; as the defendant received money from the Chesapeake and Ohio Canal Company, upon the monthly estimates of his work by the engineer; and three years had expired after the monthly estimates, and after the defendant had received the money, before the suit was brought. And he prayed the court to instruct the jury that if they believe from the evidence that prior to the 10th of August, 1831, all the money due for the work on section B, (which was the work for which this action was brought,) had been received by the defendant's intestate, except the balance appearing on the final estimate, then the plaintiff is barred of all his claim, except such proportion of the said balance as the work done by the plaintiff bears to the whole amount of work stated in the said estimate.

Which instruction THE COURT (nem. con.) refused to give; CRANCH, Chief Judge, and MORSELL, Circuit Judge, being of opinion, that as, by the agreement, Baker was to receive the money for the plaintiff, the statute of limitations did not begin to run against him until he had notice of the receipt of the money, or had demanded it.

THE COURT, at the prayer of the plaintiff's counsel, instructed the jury, in effect, that if the final settlement between the defendant's intestate and the canal company was not made before the 28th of January, 1832, the plaintiff's cause of action for his share of the one-fifth retained did not accrue before that day; and that the payments made from time to time by the company to

the defendant's intestate were to be considered as payments made on account; and that if the final settlement was made on the 28th of January, 1832, and not before, and that the amount was paid on that day, the plea of limitations is no bar to the plaintiff's action, which was commenced on the 13th of November, 1834.

Verdict for plaintiff, $2,404.81, with interest from the 28th of January, 1832.

———

CHEW (DECATUR v.). See Case No. 3,721.

CHEW (GEORGETOWN v.). See Case No. 5,345.

C. H. FROST, The (ROOSEVELT v.). See Case No. 12,033.

CHICAGO (BRADY v.). See Case No. 1,796.

CHICAGO (CLARK v.). See Case No. 2,817.